**AMERICAN INNOTEK, INC.,
a California Corporation,
Plaintiff-Appellant**

v.

**UNITED STATES, Defendant-Appellee**

2017-1178

United States Court of Appeals,
Federal Circuit.

Decided: December 19, 2017

DANIEL W. ERNSBERGER, Behrend &
Ernsberger, PC, Pittsburgh, PA, argued
for plaintiff-appellant.

JOHN J. FARGO, Commercial Litigation
Branch, Civil Division, United States De-
partment of Justice, Washing-ton, DC, ar-
gued for defendant-appellee. Also repre-
sented by CHAD A. READLER, GARY L.
HAUSKEN.

Before Moore, Taranto, and Stoll,
Circuit Judges.

Taranto, Circuit Judge.

American Innotek, Inc., owns U.S. Pat-
ent 5,116,139. It sued the United States in
the Court of Federal Claims under 28
U.S.C. § 1498, asserting that the govern-
ment was using the subject matter of
claims 1–4 and 17 of the patent without a
license from American Innotek. The Court
of Federal Claims, after holding a trial,
entered judgment for the United States
based on the conclusion that the asserted
claims are invalid for obviousness under 35
U.S.C. § 103. *Am. Innotek, Inc. v. United
States*, 128 Fed.Cl. 135, 167–68 (2016).

American Innotek appeals. We have juris-
diction pursuant to 28 U.S.C. § 1295(a)(3).
We affirm.

We see no clear error in the findings of
the Court of Federal Claims regarding the
scope and content of the prior art, the
differences between the prior art and
the '139 patent, and the existence of a
motivation to combine the prior art ele-
ments with a reasonable expectation of
success to arrive at the claimed inventions.
We see no clear error in the findings of the
Court of Federal Claims about the facts
bearing on objective indicia of non-obvious-
ness. And we agree with the legal conclu-
sion of obviousness, considering all the
pertinent facts, including objective indicia.

This conclusion is a case-specific one.
The Court of Federal Claims suggested
the existence of a categorical rule that
objective indicia, no matter how indicative
of non-obviousness they are, "cannot over-
come a strong showing of obviousness
based on combinations of prior art applied
according to the prior art's expected func-
tion." *Am. Innotek*, 128 Fed.Cl. at 163
(citing *Apple Inc. v. Samsung Elecs. Co.,
Ltd.*, 816 F.3d 788, 804 (Fed. Cir. 2016)).
That goes too far. "Objective indicia of
nonobviousness must be considered in ev-
ery case where present," *Apple Inc. v.
Samsung Elecs. Co., Ltd.*, 839 F.3d 1034,
1048 (Fed. Cir. 2016) (en banc), *cert. de-
nied*, No. 16-1102, —— U.S. ——, 138 S.Ct.
420, —— L.Ed.2d ——, 2017 WL 948834
(U.S. Nov. 6, 2017) (vacating panel decision
cited by Court of Federal Claims); and the
Supreme Court has warned against trans-
forming "[h]elpful insights" about assess-
ing obviousness into "rigid and mandatory
formulas," *KSR Int'l Co. v. Teleflex Inc.*,
550 U.S. 398, 419, 127 S.Ct. 1727, 167
L.Ed.2d 705 (2007). The cases from this
court cited by the Court of Federal Claims
all include case-specific judgments weigh-
ing the particular objective indicia (on the

facts found) along with the evidence addressing the prior art, motivations to combine or modify, and expectations of success (on the facts found).[1] Certainly, this court has often determined that particular objective indicia were not decisive in the face of strong other evidence of obviousness, but those results reflect case-specific assessments. In the present case, taking the evidence-supported facts found as a given, we weigh the objective indicia with the other facts and agree with the conclusion of obviousness drawn by the Court of Federal Claims.

We therefore affirm the judgment of that court.

**AFFIRMED**

---

1.  *See ABT Sys., LLC v. Emerson Elec. Co.*, 797 F.3d 1350, 1361–62 (Fed. Cir. 2015); *Allergan, Inc. v. Sandoz Inc.*, 726 F.3d 1286, 1293 (Fed. Cir. 2013); *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010); *Leapfrog Enters., Inc. v. Fisher-Price, Inc.*, 485 F.3d 1157, 1162 (Fed. Cir. 2007); *see also Asyst Techs., Inc. v. Emtrak, Inc.*, 544 F.3d 1310, 1316 (Fed. Cir. 2008) (stating that "evidence of secondary considerations does not always overcome a strong prima facie showing of obviousness" and finding such evidence not to do so "in this case"); *Agrizap, Inc. v. Woodstream Corp.*, 520 F.3d 1337, 1344 (Fed. Cir. 2008) (stating similar case-specific judgment and describing *Leapfrog* as a case-specific judgment).